1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **MARCUS MCJIMPSON,** | Case No. 1:16-cv-01288 AWI MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | |
| | **[Doc. 8]** |
| **DEBBIE ASUNCION, Warden,** | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Debbie Asuncion, Warden of California State Prison, Los Angeles, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Tami Krenzin, of the Office of the Attorney General for the State of California.

I.    **Background**

Petitioner is currently in the custody of the California Department of Corrections pursuant to an October 5, 1990 judgment of the Superior Court of California, County of Fresno, upon being convicted of two counts of first degree murder and various

1

1    enhancements. (Lodged Doc. 1.) Petitioner was sentenced to an indeterminate prison

2    sentence of life without the possibility of parole. Id. Petitioner filed an appeal with the

3    Fifth District Court of Appeal. It was denied on August 13, 1992. (Lodged Doc. 2.) Ten

4    years later, in 2003, Petitioner sought review from the California Supreme Court. The

5    California Supreme Court denied review on November 19, 2003. (Lodged Doc. 3.)

6         On September 15, 2015, Petitioner filed a petition for sentence reduction under

7    California law with the Fresno County Superior Court. (Lodged Doc. 4.) On September

8    30, 2015, the court denied the request finding Petitioner was not eligible or resentencing.

9    (Lodged Doc. 5.) Petitioner sought review from the Fifth District Court of Appeal. On May

10   31, 2016, the Court dismissed the petition for review, holding that the superior court's

11   order was not appealable. (Lodged Doc. 7.) Petition filed a petition for writ of prohibition

12   on July 7, 2016 with the California Supreme Court. (Lodged Doc. 8.) It was denied on

13   July 27, 2016.

14        On August 31, 2016, Petitioner filed the instant petition requesting this Court grant

15   his motion for resentencing. (Pet.) On November 22, 2016, Respondent filed a motion to

16   dismiss asserting that Petitioner has not presented federally cognizable claims. (ECF

17   No. 8.) Petitioner did not file an opposition to the motion. Accordingly, the matter stands

18   ready for adjudication.

19   **II.    Discussion**

20        **A.    Procedural Grounds for Motion to Dismiss**

21        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

22   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

23   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

24   Section 2254 Cases.

25        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

26   answer if the motion attacks the pleadings for failing to exhaust state remedies or being

27   in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

28   420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

1  exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

2  Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

3  Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

4  respondent can file a motion to dismiss after the court orders a response, and the Court

5  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &

6  n. 12.

7  **B.   Legal Standard of Review**

8  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

9  Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus

10 filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059, 138 L. Ed.

11 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant

12 petition was filed after the enactment of the AEDPA; thus, it is governed by its

13 provisions.

14 Under AEDPA, an application for a writ of habeas corpus by a person in custody

15 under a judgment of a state court may be granted only for violations of the Constitution

16 or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n.

17 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in

18 state court proceedings if the state court's adjudication of the claim:

19
20 > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

21
22 > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
23 > 28 U.S.C. § 2254(d).

24 **C.   Petitioner's Federal Claims Are Without Merit**

Here, Petitioner asserts that his federal Due Process and equal protection rights
25
26 were violated by the state's denial of Petitioner's petition for writ of prohibition. Petitioner

27 sought relief in the state courts to have his sentence modified, specifically to have the

28 special circumstances stricken so that he might become eligible for parole. (See Lodged

1   Doc. 5.) The court informed Petitioner that he was not entitled to the relief sought under

2   People v. Williams, 30 Cal.3d 470 (1981), because California Penal Code § 1385.1,

3   when enacted on June 6, 1990, precluded relief under Williams. (Id.) Accordingly, the

4   court denied Petitioner's writ of prohibition requesting to modify his sentence. (Id.)

5          A claim of state sentencing error does not raise a federal constitutional question.

6   Lewis v. Jeffers, 497 U.S. 764, 783, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990). The

7   Ninth Circuit has refused to consider state law errors in the application of state

8   sentencing law. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Christian v. Rhode,

9   41 F.3d 461, 469 (9th Cir. 1994); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993);

10  Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989) (refusing to examine state's

11  determination that a prior was a serious felony); Johnson v. Arizona, 462 F.2d 1352,

12  1353-54 (9th Cir. 1972) (rules of sentencing adopted by state court do not raise

13  constitutional issues which may be reached by habeas corpus); Adams v. Eyman, 418

14  F.2d 911 (9th Cir. 1969); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir.

15  1967). Therefore, to the extent that Petitioner claims that there was a violation of

16  California law relating to sentencing, he does not state a cognizable federal question.

17  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

18         Petitioner claims that the state court decisions violated his federal Due Process

19  rights. (See, Pet.) "As for the Due Process Clause, standard analysis under that

20  provision proceeds in two steps: We first ask whether there exists a liberty or property

21  interest of which a person has been deprived, and if so we ask whether the procedures

22  followed by the State were constitutionally sufficient. Swarthout v. Cooke, 131 S. Ct. 859,

23  861 (2011); Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460, 109 S. Ct.

24  1904, 104 L. Ed. 2d 506 (1989).

25         In order to state a due process claim, Petitioner must show that a constitutionally

26  protected liberty interest is implicated. Baumann v. Arizona Dept. of Corrections, 754

27  F.2d 841, 844 (9th Cir. 1985). A state may create a constitutionally protected liberty

28  interest if it establishes regulatory measures that impose substantive limitations on the

4

1  exercise of official discretion. <u>Hewitt v. Helms</u>, 459 U.S. 460, 470-72, 103 S. Ct. 864, 74

2  L. Ed. 2d 675 (1983), overruled in part by <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.

3  Ct. 2293, 132 L. Ed. 2d 418 (1995).

4          However, a state prisoner does not have a liberty interest in a classification status

5  under the Fourteenth Amendment. <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th

6  Cir. 1987); <u>see</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236

7  (1976) (Due Process Clause not implicated by federal prisoner classification and

8  eligibility for rehabilitative programs, even where inmate suffers "grievous loss").

9          To the extent Petitioner might attempt to base a due process claim on having a

10 liberty interest violated by the state court's abuse of discretion, the source of any liberty

11 interest is state law. <u>Cf.</u> <u>Swarthout v. Cooke</u>, 131 S.Ct. 859 at 861-62 (characterizing as

12 reasonable a decision of the Ninth Circuit Court of Appeals that California law creates a

13 liberty interest in parole protected by the Due Process Clause of the Fourteenth

14 Amendment). Here, after affording Petitioner due process and considering the pertinent

15 factors, the state court determined it lacked jurisdiction under state law to modify his

16 sentence. (Lodged Doc. 5.) Thus, Petitioner has not shown there was a violation of a

17 liberty interest protected by the Due Process Clause. Absent a showing of fundamental

18 unfairness, a state court's misapplication of its own sentencing laws does not justify

19 federal habeas relief. <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994). Petitioner

20 has not shown any fundamental unfairness.

21         Therefore, the state court's denial of Petitioner's due process claim was neither

22 contrary to, nor an unreasonable application of, clearly established law. <u>See</u> 28 U.S.C. §

23 2254(d).

24 **III.    Conclusion**

25         In sum, Petitioner has not presented cognizable claims. Further, to the extent that

26 this Court construed Petitioner's claims as potentially cognizable claims, the state court's

27 denial of this claim was neither contrary to, nor an unreasonable application of, clearly

28 established law. <u>See</u> 28 U.S.C. § 2254(d). The Court therefore recommends that

5

1   Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be

2   dismissed.

3   **IV.   Recommendation**

4          Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

5   Petitioner's failure to state a federally cognizable claim be GRANTED.

6          This Findings and Recommendation is submitted to the assigned  United States

7   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

8   Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

9   District of California. Within thirty (30) days after the date of service of this Findings and

10  Recommendation, any party may file written objections with the Court and serve a copy

11  on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

12  Findings and Recommendation."  Replies to the Objections shall be served and filed

13  within  fourteen  (14)  days  after  service  of  the  Objections.  The  Finding  and

14  Recommendation will then be submitted to the District Court for review of the Magistrate

15  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure

16  to file objections within the specified time may waive the right to appeal the District

17  Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

18
19  IT IS SO ORDERED.

20      Dated:   January 17, 2017            /s/ Michael J. Seng
21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28